**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

SCOT ALLEN ARNOLD,

     Plaintiff,

v.

SHARKNINJA OPERATING, LLC,

     Defendant.

Docket No.: 1:25-cv-135

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **SCOT ALLEN ARNOLD** ("Plaintiff"), by and through his undersigned counsel,

**JOHNSON BECKER, PLLC** and **CLARK VON PLONSKI ANDERSON**, hereby submits the

following Complaint and Demand for Jury Trial against Defendant, **SHARKNINJA**

**OPERATING, LLC** ("SharkNinja" or "Defendant"), and alleges the following upon personal

knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.     Defendant designs, manufacture, markets, imports, distributes and sells consumer products

such as blenders, including the subject "Ninja Professional Plus DUO with Auto-iQ Blender,"

which specifically includes the Model No. DB751A ("Ninja blender(s)" or "subject blender") that

is at issue in this case.

2.     On or about July 15, 2023, Plaintiff suffered serious and substantial laceration injuries as

the direct and proximate result of the Ninja blender's blade assembly detaching from the blade

base during the normal, intended use of the Ninja blender.

3.      The Ninja blenders are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft.  When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention.  The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

4.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF SCOT ALLEN ARNOLD

5.      Plaintiff Scot Allen Arnold is a resident and citizen of the City of Lyford, County of Willacy, State of Texas, and is domiciled in the same.  Plaintiff is therefore a resident and citizen of the State of Texas for purposes of diversity pursuant to 28 US.C. § 1332.

6.      On or about July 15, 2023, Plaintiff was using the blender designed, manufactured, marketed, imported, distributed, and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of blending and cooking when he sustained laceration injuries as the direct and proximate result of the blender's blade assembly detaching from the blade base during the normal, intended use of the blender. The incident occurred as the result of the Ninja blenders' defect(s), namely, the Ninja blender's use of an unsecured blade assembly.

## DEFENDANT SHARKNINJA OPERATING, LLC

7.      Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

8.      SharkNinja Operating LLC is a limited liability company organized under the laws of the

State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Needham, Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff is a resident and citizen of this District.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Texas and intentionally availed itself of the markets within Texas through the promotion, sale, marketing, and distribution of its products.

**FACTUAL BACKGROUND**

12.     Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

13.     Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

14.     To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks into place.  Next the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is placed on top of the pitcher and locked into place.



*See* Ninja BN750 Series Owner's Guide, pgs. 12-13.

19.     Unlike the pitcher and the pitcher lid, the blade assembly does not lock into place, and is not otherwise secured to the gear shaft.  Instead, the blade assembly sits "loosely on the drive gear."[1]

20.     As a result, if the user pours the pitcher after removing the lid, or if the lid falls off the pitcher during pouring, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

21.     SharkNinja became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1 million of its Ninja BL 660 series blenders for this exact defect.[2]

22.     According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

23.     Despite its knowledge of these defects, SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the DB751A blender involved in this case.

24.     The Ninja blenders have been designed, manufactured, packaged and sold in such a condition that consumers cannot safely use them in the intended manner without risk of physical injury.

---

[1] *See* Ninja BN750 Series Owner's Guide, pg. 12.  A copy of the Owner's Guide is attached hereto as "Exhibit A." According to Defendant, the Ninja BN750 Series Owner's Guide applies to the DB751A model (*see* https://support.ninjakitchen.com/hc/en-us/articles/4402159723794-BN750-Series-Ninja-Professional-Plus-Blender-DUO-with-Auto-iQ-Owner-s-Guide (last accessed June 9, 2025)).

[2]     *See*    the    CPSC    Recall    Notice    from    November    12,    2015 (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit B."

[3] *Id*.

25.    By reason of the forgoing acts or omissions, the above-named Plaintiff and/or his family purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

26.    Plaintiff used his Ninja blender for its intended purpose of preparing food and drinks for himself and/or his family and did so in a manner that was reasonable and foreseeable by SharkNinja.

27.    However, the aforementioned Ninja blender was defectively designed and manufactured by SharkNinja in that its loose, unsecured blade assembly is able to fall out of the pitcher during the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

28.    SharkNinja's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the stacked blade assembly does not lock into place and is not otherwise secured to the gear shaft.

29.    Economic, safer alternative designs were available that could have prevented the Ninja blender's blade assembly from easily falling out of the pitcher when it is poured or inverted. Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

30.    As a direct and proximate result of SharkNinja's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

31. Consequently, the Plaintiff in this case seeks damages resulting from the use of SharkNinja's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36. At the time of Plaintiff's injuries, Defendant's blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

37. Defendant's blenders were in the same or substantially similar condition as when they left the possession of Defendant.

38. Plaintiff did not misuse or materially alter the subject blender.

39. The blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

40. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the blenders safe. Specifically:

   a. The blenders designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential laceration injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, package, distribute, supply, and sell the blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

f.  Defendant failed to adequately test the blenders; and

g.  Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

41.  Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT II
## NEGLIGENCE

42.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43.  Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

44.  Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its blenders in that Defendant knew or should have known that said blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

45.  Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its blenders in that, among other things, it:

a.  Failed to use due care in designing and manufacturing the blenders to avoid the aforementioned risks to individuals;

b.  Placed an unsafe product into the stream of commerce;

c. Aggressively over-promoted and marketed its blenders through television, social media, and other advertising outlets; and

d. Were otherwise careless or negligent.

46. Despite the fact that Defendant knew or should have known that its Ninja blenders were dangerously defective and could cause the injuries described herein, Defendant continued to market its Ninja blenders to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

47. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

48. Defendant manufactured, supplied, and sold its blenders with an implied warranty that they were fit for the particular purpose of cooking and blending quickly, efficiently and safely.

49. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

50. Defendant's blenders were not fit for the particular purpose as a safe means of cooking and blending, due to the unreasonable risks of bodily injury associated with their use.

51. The Plaintiff and his family reasonably relied on Defendant's representations that its blenders were a quick, effective and safe means of blending and cooking.

52. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for

damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**COUNT IV**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

53.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

54.    At the time Defendant marketed, distributed and sold its blenders to the Plaintiff in this case, Defendant warranted that its blenders were merchantable and fit for the ordinary purposes for which they were intended.

55.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

56.    Defendant's blenders were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

57.    Plaintiff used his blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking and blending.

58.    Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which he is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's blender;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**CLARK | VON PLONSKI | ANDERSON**

Date: June 20, 2025

*/s/ Collen A. Clark, Esq.*
Collen A. Clark, Esq.
State Bar No. 04309100
R. Connor Barbe, Esq.
State Bar No. 241085
3500 Maple Avenue, Suite 1250
Dallas, TX 75219
(214) 780-0500 / (214) 780-0501 (fax)
eservice@cvpalaw.com

*In association with:*

**JOHNSON BECKER, PLLC**
Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)

*Proc Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 /612-436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***